UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLENN A. PROFIT, | ) | |
| | ) | |
| Plaintiff, | ) | 07-2148 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On August 18, 2008, Magistrate Judge David G. Bernthal filed two recommendations in the above action. Judge Bernthal recommended that the plaintiff's motion for summary judgment or remand be denied. He also recommended that the motion for an order which affirms the Commissioner's decision be affirmed.

The plaintiff has filed an objection to Judge Bernthal's recommendations, arguing that this court should reject Judge Bernthal's recommendations because the Administrative Law Judge (ALJ) erred in concluding that the plaintiff was not disabled.

The plaintiff is 5'5" tall and weighs 327 pounds. He states that he is disabled due to obesity, diabetes, asthma, hypertension, and damage to his muscles and lungs. His medical record reflects a history of poly drug dependence (alcohol, cocaine, benzodiazepines, etc.). He went to high school but did not graduate. His past relevant work was as a telemarketer and customer service representative.

To determine whether a claimant is disabled within the meaning of the Social Security Act, the ALJ follows a five-step analysis. 20 C.F.R. § 416.920(a)(4). If at any step it is possible to determine that the plaintiff is not disabled, the inquiry ends; otherwise, the ALJ proceeds through all five steps. 20 C.F.R. § 416.920(a)(4).

The plaintiff does not contest the ALJ's determination at the first three steps. However, the plaintiff claims that the ALJ erred at Step 4 in finding the plaintiff capable of performing his past relevant work with his current disabilities.[1] Specifically, the plaintiff alleges that the ALJ failed to incorporate Dr. Mozan's opinion, failed to evaluate and consider his obesity in

---

[1] "If [under Step 4 we determine that] you can still do your past relevant work, we will find that you are not disabled." 20 C.F.R. § 416.920(a)(4).

conjunction with his other medical conditions, failed to limit the plaintiff to sedentary work, and erred in assessing the plaintiff's credibility because his subjective statements about his disability were supported by Dr. Mozan's opinion. On remand, the plaintiff seeks proper consideration of Dr. Mozan's findings and the combined effects of the plaintiff's obesity with his other medical problems, a reevaluation of the plaintiff's credibility, and additional questions to be posed to the Vocational Expert (VE).

Dr. Mozan examined the plaintiff in October 2005 in connection with a personal injury suit. The plaintiff was accompanied by his attorney. Dr. Mozan found that the plaintiff had a full normal range of motion of his cervical spine with no complaints of pain, and no tenderness to palpation. Dr. Mozan noted "some limitation in the dorsolumbar spine, which Dr. Mozan opined was caused solely by [the plaintiff's] significant obesity. The plaintiff did not complain of pain with any of the maneuvers." The ALJ also reported that Dr. Mozan found "no non-verifiable radicular complaints and no non-uniform loss of range of motion. Dr. Mozan stated that a person of the claimant's body habitus and of his age would be expected to have back pain and probable radiculopathy from compression on his spinal cord." In sum, Dr. Mozan noted some limitations and probable pain, but they do not constitute strong evidence of the plaintiff's inability to work.

The plaintiff also argues that the ALJ noted his obesity but did not incorporate it into his decision. The court disagrees. The ALJ wrote:

> The claimant has the following "severe impairments: asthma, degenerative joint disease of the spine, obesity, and residuals from a fall. . . . His gait is abnormal, according to medical report, due to his obesity, but he is able to ambulate effectively. [A]lthough the claimant has a bulging disc at C3-4, there is no evidence of nerve root compression, motor loss or positive sitting straight leg raise test. In addition, he does not have spinal arachnoiditis or lumbar spinal stenosis. The claimant has not demonstrated with credible evidence that he meets or equals any musculoskeletal Listing, even when considering his obesity.

The ALJ then discussed the plaintiff's breathing problems, substance abuse issues, and mental impairments. The ALJ concluded, "Based upon information obtained exclusively from health care professionals, the record fails to establish the existence of an impairment or *combination of impairments* that is medically equivalent to an impairment specified in the Listing of Impairments." (Emphasis added.) Thus, the ALJ *did* consider the effect of the plaintiff's obesity in combination with his other ailments.

Moreover, Dr. Mozan's examination does not support the plaintiff's testimony in regard to his pain intensity. Dr. Mozan expected the plaintiff's obesity to cause back pain and probable radiculopathy, but he did not state how much pain would be expected. Dr. Mozan did note, however, that the plaintiff did not complain to him of pain with *any* of the maneuvers performed during the examination. In contrast, the plaintiff told the ALJ he had been in a "lot of pain on many years" – including the time during which Dr. Mozan examined him. Dr. Mozan's

examination does not support the plaintiff's subjective self-serving statements to the ALJ about his pain.  The transcript of the hearing provides ample support for the ALJ's credibility determination.  She noted, "the claimant tended to change [h]is testimony as the hearing progressed."  This is an accurate, if kindly understated, characterization.

The ALJ did conclude that the plaintiff could perform medium, light and sedentary work.  But the ALJ also concluded that the plaintiff's residual function capacity did not preclude him from performing his past relevant work as a telemarketer or customer service representative.  Both jobs are listed as semi-skilled sedentary positions.  Thus, the ALJ's conclusion that the plaintiff could perform medium or light work is harmless error.

The court also disagrees with the plaintiff's contention that a remand is necessary to determine how often telemarketers and customer service representatives must change positions.  The ALJ found noteworthy the plaintiff's ability to endure a 2 ½ day bus ride from California to Indiana, one month prior to the hearing, without any stops for treatment or rest.  This bus trip suggests that the plaintiff can endure some combination of prolonged sitting, standing, and walking.  Moreover, the plaintiff's attorney had the opportunity to question the VE on this topic:

> Q.  Do [the marketing and customer service] jobs require prolonged sitting?
>
> A.  Due to the fact that they are sedentary both would have the sit/stand option.

Instead of following up with additional questions on this topic, plaintiff's counsel began a new line of questioning about the fine motor skills needed for these jobs.

Finally, the plaintiff argues that the ALJ did not ask the VE if his testimony was consistent with the DOT.  The court is not convinced that there was any discrepancy between his testimony and the DOT,[2] but if there was, it is too late to raise that issue.  *Donahue v. Barnhart*, 279 F.3d 441, 447 (7th Cir. 2002).  No discrepancies were identified at the hearing; therefore, the ALJ was entitled to rely on the record.  *Donahue*, 279 F.3d at 447.

The plaintiff also complains that Judge Bernthal erred when he noted an alternative finding that, had the case survived Step 4, it could not survive Step 5. Finding no error at Step 4, this court need not address the alternative finding.

---

[2] The plaintiff claims that telemarketing requires only occasional reaching, whereas the customer service position requires frequent reaching.  However, the plaintiff does not state whether the distinction holds for *telephone* customer service positions, as the plaintiff had worked in the past.  *See* Hrg. Trans. at 8, d/e 12-10, p. 42 ("I was a customer service rep on the telephone.  People call in with complaints about certain things and I answered their complaints over the telephone.").  The reaching required in telephone-based customer service is likely to be less than at a retail customer service desk where customers return or exchange purchases.

3

## CONCLUSION

For the foregoing reasons, the court accepts Judge Bernthal's Reports and Recommendations [23, 24]. The court denies the plaintiff's motion for summary judgment or remand [17] and grants the defendant's motion for an order affirming the Commissioner's decision [19].

This case is terminated.

Entered this 3rd day of November, 2008.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE